STATE v. HOMER MYERS.

(Filed 4 January, 1939.)

**1. Homicide §§ 2, 25—**

Evidence that one defendant killed deceased while attempting to rob him, and that during the commission of the crime appealing defendant waited in an automobile a short distance off to speed his codefendant away when he had completed the robbery, is sufficient to overrule appealing defendant's motion to nonsuit in a prosecution for murder.

**2. Criminal Law § 48b: Constitutional Law § 28—Evidence admitted against one defendant only may not be considered against the other without giving him opportunity to cross-examine witnesses in regard thereto.**

Evidence of acts and declarations of one defendant was admitted in evidence against him alone, the court instructing the jury that it should not be considered against the appealing defendant. Later evidence tending to establish a conspiracy between defendants was introduced. The court gave no intimation it would change its instructions as to the restricted evidence until the charge, when the court instructed the jury that evidence of acts and declarations of his codefendant prior to the commission of the crime might be considered against appealing defendant.

STATE v. MYERS.

*Held:* Appealing defendant was entitled to be informed that the evidence restricted in its admission would be admitted against him in time to give him opportunity to cross-examine the witnesses in regard thereto and conduct his defense in accord therewith, and he is entitled to a new trial for the denial of this right.

APPEAL by the defendant from *Bivens, J.,* at June Term, 1938, of GUILFORD. New trial.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Geo. A. Younce and Adam Younce for defendant, appellant.*

SCHENCK, J. The appellant, Homer Myers, was tried with a codefendant, Jerry Clark, upon a bill of indictment charging them with the murder of one O. D. (Dock) Bovender. The jury returned a verdict of guilty of murder in the second degree as to each of the defendants. From judgment of imprisonment in Central Prison, the defendant Myers appealed, assigning errors. The codefendant Clark did not perfect an appeal.

The State offered evidence tending to show that the fatal shot that killed the deceased was fired from a pistol in the hands of Clark while on the porch of the residence of the deceased, in an attempt to rob the deceased in the early morning of Sunday, 5 June, 1938; and that during the struggle between the deceased and Clark the appellant Myers was in an automobile a short distance off waiting to speed Clark away when he had completed the robbery.

The State offered, as a witness, Mrs. Bovender, wife of the deceased, who testified that in the late afternoon of Saturday, 4 June, 1938, preceding the early morning of the Sunday on which her husband was shot, Clark, the codefendant of the appellant, came to the home of her and the deceased on Walker Avenue and inquired as to whether the deceased lived there, stating that he had some business with him. The State also offered several witnesses who lived on Walker Avenue, who testified that the codefendant Clark, on the Saturday afternoon preceding the morning of the shooting, came to their homes and inquired where Bovender, the deceased, lived.

As to all of this testimony, as it was given, the court entered the instruction: Gentlemen of the jury, do not consider this evidence against the defendant Myers, but consider it only against the defendant Clark.

The State also offered evidence tending to show that on Wednesday evening preceding the shooting on Sunday morning the codefendant Clark phoned "a girl friend" in Winston-Salem, and told her to come to Greensboro on the bus, and that Clark met her on the nine o'clock bus

in Greensboro; and further, on Saturday evening preceding the morning of the shooting, Clark phoned the "girl friend" that he would not come to Winston-Salem that night but would come the following Sunday.

The court likewise instructed the jury not to consider this evidence against the appellant Myers and to consider it only against the codefendant Clark.

Subsequently, the State offered as a witness one Jean Helms, who testified that she lived in Winston-Salem and that she received the phone messages from Clark on Wednesday and Saturday preceding the night of the shooting on the morning of Sunday, 5 June, and that she came to Greensboro on the bus on the Wednesday night and returned Friday morning. This witness further testified that some time before this she had heard the appellant Myers and codefendant Clark discussing robbing Bovender.

When the State had produced its evidence and rested its case, the defendants moved for a judgment of nonsuit, the motion was refused and defendants excepted, and announced that they would introduce no evidence and again moved for judgment of nonsuit, which motion was refused and defendants excepted. C. S., 4643. In the refusal to grant the motions for judgment of nonsuit we see no error.

The court gave no intimation that it would change its instructions as to certain evidence being competent as to codefendant Clark and not competent as to appellant Myers, and the original rulings and instructions remain in the record.

The argument followed the close of the evidence, and the charge followed the argument, wherein the court instructed the jury, *inter alia,* "During the course and progress of this trial, gentlemen of the jury, certain evidence was offered in your hearing to which objection was made by counsel for defendants in this case and the court ruled upon those objections and instructed you how to consider the evidence. The court again instructs you, gentlemen of the jury, that any act or declaration of either of these defendants made before the hour of death—strike that out—shooting of Mr. Bovender, if the State has satisfied you beyond a reasonable doubt that a conspiracy existed, are competent against each of those defendants but no act or declaration by either of these defendants after the execution of the common design, if the State has satisfied you beyond a reasonable doubt that they had a common design in robbing Mr. Bovender and he lost his life thereby, any act or declaration thereafter by either of the defendants would not be competent against the other defendant, but would only be competent against the defendant who did the act or made the declaration."

The quoted portion of the charge is made the basis of an exceptive assignment of error, and we are constrained to hold that such assignment should be sustained.

When the court instructed the jury not to consider certain evidence against the appellant, he was foreclosed from cross-examining the witnesses relative to the subject matter thereof, and may likewise have been influenced thereby to refrain from offering evidence in rebuttal thereof.

When the evidence tending to establish a conspiracy had been offered and thereby had rendered the theretofore incompetent evidence competent against the appellant, he was then entitled to have been informed that such evidence would be admitted against him, so as to enable him to conduct his defense in accord therewith. This could not be done after the charge had been delivered to the jury wherein the first intimation of a change in the ruling on the competency of the evidence involved was given. *S. v. Love,* 187 N. C., 32.

For the error assigned there must be a

New trial.